# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. KEVIN MANIERI, | CASE NO. 5:15-cv-0611 |
| Plaintiff-Relator, | JUDGE SARA LIOI |
| vs. | **MEMORANDUM OPINION AND ORDER** |
| AVANIR PHARMACEUTICALS, INC., | |
| Defendant. | |

Before the Court is the motion of plaintiff Kevin Manieri ("Manieri" or "plaintiff") for leave to file a second amended complaint. (Doc. No. 46 ["Mot."].) Defendant Avanir Pharmaceuticals, Inc. ("Avanir" or "defendant") filed its opposition (Doc. No. 48 ["Opp'n"]) and Manieri filed a reply (Doc. No. 49 ["Reply"].) For the reasons and in the manner set forth herein, plaintiff's motion is granted.

## I.   BACKGROUND[1]

On March 27, 2015, Manieri filed a complaint, individually and on behalf of the United States of America, alleging that defendant Avanir had violated the False Claims Act, 31 U.S.C. § 3729, *et seq.* ("FCA"), and the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b) ("AKS"). (Doc. No. 1, Complaint, ["Compl."] ¶ 1.) Manieri alleged that Avanir pays speaking fees to physicians around the country in exchange for their promise to prescribe a drug that Avanir sells as a treatment for a rare neurological condition. He alleged that this conduct led to the submission of false or

---

[1] All page number references herein are to the page identification number generated by the Court's electronic docketing system.

fraudulent claims for prescriptions to Medicare patients written in 2013 and 2014. (*Id.* ¶¶ 2; 136–53.)

Manieri also alleged that he had been employed by Avanir from August to November 2014. (*Id.* ¶ 10.) He claimed his employment was terminated in retaliation for his objections to the illegal kickback scheme in conversations with Avanir's Vice President of Sales, Michael McFadden ("McFadden"). (*Id.* ¶¶ 154–61.)

Manieri's claims against Avanir relating to the submission of false claims, brought on behalf of the United States of America (which had intervened on September 26, 2019 (*see* Doc. No. 25), after first seeking nine (9) extensions of time to intervene), were resolved on October 24, 2019 by way of a settlement and joint stipulation of partial dismissal. (*See* Doc. No. 28.)

On December 17, 2019, Manieri filed his first amended complaint (Doc. No. 35, First Amended Complaint ["FAC"]),[2] wherein he again alleged that Avanir terminated his employment in retaliation for his objection to certain physicians' "participation in the speaker program as a means to unlawfully induce prescriptions of [the drug]." (*Id.* ¶ 6.) Despite that allegation in the introduction to the FAC, when Manieri described in detail the circumstances surrounding the termination of his employment, he alleged (exactly as he had in his initial complaint) that, during a meeting in Boston on November 17, 2014, another regional business manager ("RBM") complained to Manieri that some of the RBM's direct reports were not performing well. Manieri suggested that the RBM consider terminating the underperforming employees. (*Id.* ¶¶ 147–48; Compl. ¶¶ 131–32.) Another sales representative overheard Manieri's comment and disagreed;

---

[2] Manieri did not seek leave to file the first amended complaint. Fed. R. Civ. P. 15 (a)(1)(A) provides that a party may amend its pleading once as a matter of course within 21 days after serving it. Although there is nothing in this record to suggest when Avanir was served, it has never challenged the FAC's timeliness nor argued that Manieri should have sought leave to amend.

2

that representative subsequently passed on a complaint to Manieri's superior, VP of Sales McFadden. (FAC ¶ 149; Compl. ¶ 132.) A few days later, on November 21, 2014, during a phone call, McFadden reprimanded Manieri for his comment to the RBM and criticized his management skills—something McFadden had never done before. (FAC ¶ 150; Compl. ¶ 133.) Manieri further alleged that McFadden told him he had "'enough here to terminate you, but I'll give you an opportunity to resign.'" (FAC ¶ 151; Compl. ¶ 134.) "Mr. McFadden did not cite any reasons for the termination other than the suggestion [p]laintiff Manieri made to his direct report at the November 17 meeting." (*Id.*) Manieri then alleged: "*As the result of this conversation*, Avanir terminated [p]laintiff Manieri's employment on November 21, 2014." (FAC ¶ 152 (emphasis added).) Notably, for purposes of the instant request to amend a second time, the phrase in italics was not included in the initial complaint, but was added to the FAC filed on December 17, 2019. (*See* Compl. ¶ 135.)

Manieri then alleged, in count one, that McFadden's criticism of his management practices during the November 21, 2014 conversation was "pretext for retaliation for [his] opposition to Avanir's illegal kickback scheme[,]" and that "Avanir terminated [his] employment in retaliation for his opposition to Avanir's kickback scheme, in violation of 31 U.S.C. § 3730(h)." (FAC ¶¶ 165–66.) The corresponding allegations were in count four of the initial complaint. (*See* Compl. ¶¶ 158–59.)

Avanir filed a motion to dismiss the FAC, arguing that Manieri failed to sufficiently allege a claim for retaliation, having provided only "isolated and innocuous statements [that] do not come anywhere close to showing that [p]laintiff engaged in conduct protected by the FCA." (Doc. No. 45, Motion to Dismiss ["MTD"], at 224 (citing FAC ¶¶ 93, 99).) Avanir also argued that Manieri failed to allege that Avanir knew that he had engaged in protected conduct and, further, that

3

plaintiff's own complaint concedes the existence of a legitimate basis for his termination. (*Id.* at 225.)

On the day his response to the motion to dismiss was due, Manieri filed the instant motion for leave to file a second amended complaint to set forth more (and, as it turns out, different and sometimes inconsistent) factual detail around his alleged protected conduct and termination. He also sought (and was granted) an unopposed stay of the briefing on Avanir's motion to dismiss pending resolution of the motion for leave to file a second amended complaint. (*See* Doc. No. 47; Non-Document Order (3/19/2020).)

## II. DISCUSSION

### A. Legal Standard

Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." "Guided by that overarching principle, the district court may weigh the following factors when considering a motion to amend: undue delay or bad faith in filing the motion, repeated failures to cure previously-identified deficiencies, futility of the proposed amendment, and lack of notice or undue prejudice to the opposing party." *Knight Cap. Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 786 (6th Cir. 2019) (citation omitted).

### B. Rule 15 Analysis

Manieri does not explain why "justice . . . requires" that he be permitted to amend his complaint a second time in the manner that he suggests. He simply quotes the rule and asserts that "the thrust of [the Rule] is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" (Mot. at 240 ¶ 4, quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986).) Manieri claims he seeks leave to amend a second time "to include additional facts to support his claim of FCA retaliation." (*Id*. ¶ 8.)

4

Avanir opposes Manieri's motion, arguing that "[p]laintiff's new story regarding his termination <u>directly contradicts</u>" the allegations in the initial complaint and the FAC. (Opp'n at 261 (underlining in original).) In particular, Avanir argues that Manieri has consistently alleged that his termination resulted from his conversation with McFadden on November 21, 2014, wherein McFadden reported a complaint that had been lodged against him by a regional manager (*Id.* at 262, citing Compl. ¶ 133; FAC ¶ 149), and "criticized [plaintiff's] management skills[,]" (*Id.*, quoting Compl. ¶ 133; FAC ¶ 150) (despite never having done so before), telling Manieri that McFadden "[had] enough here to terminate [Manieri], but … [would] give [him] the opportunity to resign." (*Id.*, quoting Compl. ¶ 134; FAC ¶ 151.) Thus, Avanir asserts, plaintiff "conceded … that he was provided a legitimate basis for his termination[]" (*Id.* at 263), and he should not now (in order to buttress his retaliation claim) be permitted to *delete* all references to that complaint against him and/or to the conversation he had with McFadden wherein he was given that legitimate, non-retaliatory reason for his termination. (*Id.*)

In reply, Manieri argues that he seeks leave to amend "to reflect the facts most accurate to his claim." (Reply at 271.) He claims his proposed amendments "narrow the facts to those most relevant and correct previous inaccuracies." (*Id.* at 274.) Manieri further asserts that, by proposing to *add facts* relating to an October 10, 2014 telephone call with McFadden, he is "simply trying to address potentially resolvable concerns raised in Avanir's motion to dismiss[,]" in particular, by "includ[ing] additional facts to support his protected activity that were not in his initial complaint." (*Id.* at 275.) In addition, he proposes *deletion* of the allegations relating to McFadden's criticism of his management skills because those allegations are "incorrectly … linked to termination" of his employment. (*Id.*) It is notable that Manieri offers no *reason* why his initial complaint and/or

5

his first amended complaint contained factual inaccuracies, omitted necessary supporting facts, or incorrectly linked facts to causes of action.

### 1. Undue Delay and Bad Faith

Avanir devotes considerable attention in its opposition brief to the fact that five (5) years have passed since the inception of this lawsuit. Manieri properly points out that this passage of time was largely due to the "unique procedural history of this case." (Reply at 271.) In particular, the Court notes that the United States of America sought nine (9) continuances as it ascertained whether or not to intervene, which it eventually did on September 26, 2019 (4½ years after the case was filed), followed by its dismissal a month later on October 24, 2019.

The considerable delay cannot be attributed to either remaining party and, in particular, not to Manieri. Therefore, this factor weighs in favor of granting the motion. *Moore*, 790 F.2d at 560 ("[D]elay alone, regardless of its length is not enough to bar [an amended pleading] if the other party is not prejudiced.") (internal quotation and citation omitted).

Avanir argues that it would be prejudiced if Manieri were permitted "to file a new complaint, which attempts to paint a materially different picture regarding his termination than the pleadings on which this case has proceeded for the past five years." (Opp'n at 266.) It points out that Manieri "provided his allegations to the United States Department of Justice in 2015, . . . [and] has stood by these allegations for five years, including by affirming their veracity when he filed an amended complaint[.]" (*Id.* at 267–68.) Avanir asserts that the Court should "consider such admissions in assessing a party's good faith and the existence of prejudice." (*Id.* at 268.)

At first blush, there is some persuasiveness to Avanir's argument that Manieri should be held to the allegations he originally presented to the United States, allegations that arguably formed the basis of the stipulated partial dismissal. But a closer look reveals that the particular allegations

6

at issue in the instant motion relate only to Manieri's claim of retaliation (*i.e.*, that he was terminated because of his whistle-blower activities). The allegations are not specifically supportive of the now-dismissed FCA claim of the United States. (Doc. No. 27, Joint Stipulation of Partial Dismissal, at 138.)[3]

Nonetheless, case law supports a different reason why Manieri, even if permitted to amend a second time, *should* be held to the allegations regarding the reason for his termination that he included in both his initial complaint and his first amended complaint. In *Pennsylvania R. Co. v. City of Girard*, 210 F.2d 437 (6th Cir. 1954), the court took judicial notice of admissions in the City's answer and reply to the Railroad's original cross-petition, even though the cross-petition had been withdrawn and superseded by an amended cross-petition that eliminated the relevant allegations that had been admitted. *Id.* at 440 ("pleadings withdrawn or superseded by amended pleadings are admissions against the pleader in the action in which they were filed[]"); *Shell v. Parrish*, 448 F.2d 528, 530 (6th Cir. 1971) (noting that allegations in the original complaint, even though amended, are admissible as "admission[s] against interest");[4] *see also Davis v. Echo Valley Condo. Ass'n*, 349 F. Supp 3d 645, 653 (E.D. Mich. 2018) (an admission against interest in an original pleading is "[a]n evidentiary admission [that] does not preclude contrary proof to dispute

---

[3] Avanir's reliance on *Soo Line R. Co. v. St. Louis Sw. Ry. Co.*, 125 F.3d 481 (7th Cir. 1997) is misplaced, even if it *were* precedential in this circuit. In *Soo Line R. Co.*, the district court dismissed the case as time-barred. On appeal, Soo argued that the statute of limitations relied upon by the district court was inapplicable because Soo was "not seeking 'to recover charges for transportation or service' that it has provided." *Id.* at 482. But Soo's complaint stated otherwise, and the court of appeals affirmed the dismissal on "the well-settled rule that a party is bound by what it states in its pleadings." *Id.* at 483. *Soo Line R. Co.* is procedurally distinguishable from the instant case.

[4] In *Shell*, the court also noted that, although the court in *Pennsylvania R. Co.* had taken judicial notice of the admissions in a superseded pleading, the "better rule" is to require the party who seeks to use the admission to offer it in evidence. 448 F.2d at 530.

7

a fact"). Further, Manieri's unabashed attempt to delete arguably damaging allegations in the FAC that were pointed out by Avanir in its motion to dismiss as deficient could be viewed as bad faith.

Given the unique procedural history of the case, the Court cannot conclude that Manieri unduly delayed to Avanir's prejudice. That said, the Court cannot ignore that the current attempt to amend smacks of bad faith on Manieri's part. Such a maneuver would normally counsel strongly against granting the motion, but because Manieri's previous allegation will be treated as an admission, the Court finds that any injustice caused by the inconsistent prior allegations will be ameliorated. These factors are neutral and, if anything, tip in favor of denying the motion.

### 2. Repeated Failure to Cure

Avanir argues that Manieri has relied upon the same allegations he now seeks to change for the entire duration of this case and that it was only after Avanir's motion to dismiss pointed out the insufficiency of the allegations that Manieri sought to amend them.

Manieri filed his first amended complaint prior to Avanir's filing of any responsive pleading. While it is true that Manieri is seeking to file a second amended complaint *in response to* Avanir's motion to dismiss, that is actually a scenario anticipated by Rule 15(a)(1), which provides that "[a] party may amend its pleading once as a matter of course within: . . . (B) . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Manieri did not act within 21 days after Avanir's motion to dismiss was filed. Therefore, to file a second amended complaint, he needed either Avanir's written consent (which was not forthcoming) or this Court's leave. Fed. R. Civ. P. 15(a)(2).

The Court cannot conclude that Manieri repeatedly failed to cure previously-identified deficiencies. In fact, the instant motion could be viewed as an effort, perhaps made in bad faith as

8

discussed previously, to cure deficiencies pointed out by the motion to dismiss. This factor weighs neither in favor nor against granting the motion.

### 3. Futility of Amendment

Avanir further claims that, in its view, the "new and revised allegations [in the second amended complaint] do not cure the fatal deficiencies Avanir identified in its Motion to Dismiss." (Opp'n at 266, n.1.) As a result, Avanir reserves its right to file another motion to dismiss.

If Avanir's assertion in this regard is true, it would weigh in favor of denying the motion to amend; but Avanir did not develop this argument and so the Court will leave this issue for another day should Avanir choose to file a motion to dismiss regarding the second amended complaint. *See S.E.C. v. Somers*, No. 3:11-cv-165, 2013 WL 4045295, at *4 (W.D. Ky. Aug. 8, 2013) (the question is a substantive one and "better suited for a dispositive motion").

### 4. Lack of Notice or Undue Prejudice

With respect to the issue of notice and/or undue prejudice, because of the combination of the long delay by the United States and the filing of defendant's motion to dismiss the first amended complaint, the Court has yet to conduct a case management conference and/or to set *any* case management deadlines. Therefore, although Avanir cannot be faulted for resisting the second amended complaint, there will be no prejudice to Avanir by permitting it, especially because the Court will not prohibit Avanir's filing of another motion to dismiss. This factor weighs in favor of granting the motion to amend.

## III. CONCLUSION

Because of the liberal pleading standard articulated by Fed. R. Civ. P. 15(a), despite the unfortunate age of this case, and even though the proposed second amended complaint contains allegations that seem inconsistent with those in the first amended complaint, the Court grants

9

plaintiff Manieri's motion for leave to file a second amended complaint. (Doc. No. 46.) Consequently, Avanir's motion to dismiss (Doc. No. 45) is rendered moot and shall be termed by the clerk.

The Court also concludes, under *Pennsylvania R. Co.*, *supra*, and its progeny, that allegations in the original complaint and in the first amended complaint that are removed from the second amended complaint constitute admissions against interest that may be refuted by competent evidence at the appropriate time.

Within three (3) business days of the date of this order, Manieri shall separately file the proposed second amended complaint that was attached to his motion.

Thereafter, Avanir shall have fourteen (14) calendar days to file a responsive pleading. If Avanir chooses to file a motion to dismiss, Manieri shall then have fourteen (14) calendar days to file any opposition and Avanir shall have seven (7) calendar days to file a reply. No surreply will be permitted. No extensions of this schedule will be granted, and none shall be sought.

**IT IS SO ORDERED**.

Dated: July 28, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**